UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL M. BARBOZA,**<br><br>**Plaintiff**<br><br>v.<br><br>**MERCEDES-BENZ USA, LLC,**<br>**MERCEDES-BENZ OF BAKERSFIELD,**<br>**and DOES 1-10 inclusive,**<br><br>**Defendants** | **CASE NO. 1:22-CV-0845 AWI CDB**<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 7) |

This case arises out of the sale of an allegedly defective Mercedes-Benz automobile. Plaintiff Crystal M. Barboza brings claims under the California Song-Beverley Act (Cal. Civ. Code § 1790 et seq.), the California Commercial Code, the California Unfair Competition Law ("UCL") (Cal. Business & Professions Code § 17200 et seq.), and the federal Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2300 et seq.). Defendant Mercedes-Benz USA, LLC ("MBU") removed this case from the Kern County Superior Court on the basis of federal question jurisdiction through the MMWA claim. Currently before the Court is MBU's Rule 12(b)(6) motion to dismiss and/or Rule 12(f) motion to strike. For the reasons that follow, MBU's motion to dismiss will be granted, and the entire Complaint will be dismissed with leave to amend.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Yoshikawa v. Seguirant,

41 F.4th 1109, 1114 (9th Cir. 2022).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Benavidez, 993 F.3d at 1145.  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  Plaintiffs cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."  Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016).  However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.  Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

**FACTUAL BACKGROUND**

From the Complaint, on August 21, 2021, Barboza purchased a Mercedes Benz CLA 250 with a VIN ending in 464 ("the Vehicle").  Defendants provided a written warranty that the Vehicle would be free from defects of material and workmanship and that they would remedy any defects through an authorized repair center.  Further, the Vehicle is subject to the implied warranty of merchantability.  However, the vehicle had defects, malfunctions, and non-conformities.  The

Vehicle did not comply with written or implied warranties, and Defendants failed to remedy the defects, properly repair the Vehicle, replace the Vehicle, or refund the purchase price to Barboza. As a result, Barboza was harmed. The Complaint alleges that the Vehicle was a 2021 Mercedes Benz automobile. However, the sales contract, which is an exhibit to Defendants' notice of removal, indicates that the Vehicle had over 13,000 miles, was used, and was a 2020 model year. See Doc. No. 1-2.[1]

**DEFENDANT'S MOTION**

*Defendant's Argument*

MBU argues that the first two causes of action (Song-Beverly Act claims) against it fail. Express warranty liability under Song-Beverly requires that a new vehicle be at issue, but the Vehicle sold to Barboza was a used car. Further, while Song-Beverly does provide for implied warranties regarding used goods, such warranties are against the distributors and retailers, not manufacturers like MBU.

MBU argues that the third cause of action (Commercial Code express warranty) fails because such a claim required Barboza to provide notice of a breach of warranty. However, the Complaint does not allege that Barboza gave any notice after discovering any breaches of warranty. Additionally, no plausible breach of express warranty is alleged because the Complaint does not allege any facts necessary to describe or support this claim.

MBU argues that the fourth cause of action (MMWA) fails for similar reasons. There are no factual allegations that describe the warranty at issue or how the warranty was breached. Further, because the substantive scope of the MMWA relies on state law warranties, the failure of Barboza to allege any valid state law warranty claims necessarily means that the MMWA claim must also fail.

MBU argues that the fifth cause of action fails to plead a plausible UCL claim under any of the three independent UCL prongs. First, the Complaint does not contain sufficient factual

---

[1] Th Ninth Circuit has noted that a court may take judicial notice of its own records. United States v. Author Servs., 804 F.2d 1520, 1523 (9th Cir. 1986). However, other courts have found that they may consider filings in their own docket of this case without the necessity of taking judicial notice. Jones v. County of San Bernardino, 2022 U.S. Dist. LEXIS 141961, *6 (C.D. Cal. May 12, 2022); Harris v. County of Sacramento, 2018 U.S. Dist. LEXIS 133935, *7 n.3 (E.D. Cal. Aug. 7, 2018). Through both branches of authority, the Court will consider the Vehicle's sales contract.

3

allegations to meet the heightened pleading standard for fraudulent or unfair conduct; instead, the Complaint makes conclusory allegations. Second, because no other claims are plausibly pled, the Complaint fails to allege unlawful conduct. Third, with respect to unfair conduct, there are no allegations that explain how any harm caused by unfair conduct outweighs any benefit the conduct may have. Finally, because Barboza has adequate remedies at law for her harm, she cannot pursue equitable remedies, including injunctive relief, through the UCL.

MBU argues that these shortcomings cannot be cured through amendment. Therefore, these claims should be dismissed without leave to amend.

*Plaintiff's Opposition*

Barboza filed no opposition or response to MBU's motion.

*Discussion*

1.  First & Second Causes of Action – Song Beverly Act

The Song-Beverly Act, which is popularly known as California's automobile lemon law, is a strongly pro-consumer law aimed at protecting consumers. See Murillo v. Fleetwood Enterps., Inc., 17 Cal.4t h 985, 990 (1998); Duff v. Jaguar Land Rover N. Am., LLC, 74 Cal.App.5th 491, 500 (2022). The Song-Beverly Act regulates warranty terms and imposes service and repair obligations on those who issue warranties. See Rodriguez v. FCA US, LLC, 77 Cal.App.5th 209, 217 (2022)[2]; see also Joyce v. Ford Motor Co., 198 Cal.App.4th 1478, 1486 (2011).

    a.  Express Warranty & "Refund and Replace"

Barboza seeks relief under the "refund and replace" provisions of the Song-Beverly Act (Cal. Civ. Code § 1793.2(d)(2)) which requires manufacturers to refund or replace a "new motor vehicle" if the vehicle cannot be repaired so as to conform with an express warranty. See Cal. Civ. Code § 1793.2(d)(2). "New motor vehicle" is a defined term under the Song-Beverly Act that includes an "other motor vehicle sold with a manufacturer's new car warranty." See Cal. Civ. Code § 1793.22(e)(2). Recently, a California court of appeal examined the statutory history and framework of the "refund and replace" provisions and the definition of "new motor vehicle" in

---

[2] The California Supreme Court has granted review in *Rodriguez*, but has ordered that *Rodriguez* may be cited as persuasive authority. See Rodriguez v. FCA US, LLC, 295 Cal.Rptr.3d 351 (2022).

particular. See Rodriguez, 77 Cal.App.5th at 219-225. *Rodriguez* concluded that the phrase "other motor vehicle sold with a manufacturer's new car warranty" refers to "cars sold with a full warranty, not to previously sold cars accompanied by some balance [left on] the original warranty." Id. at 225. A number of district courts have examined *Rodriguez* as persuasive authority and adopted its reasoning. E.g. Edwards v. Mercedes-Benz USA, LLC, 2022 U.S. Dist. LEXIS 182894, *5-*7 (C.D. Cal. Oct. 5, 2022); Pineda v. Nissan N. Am., Inc., 2022 U.S. Dist. LEXIS 135400, *8-*9 (C.D. Cal. July 25, 2022); Fish v. Tesla, Inc., 2022 U.S. Dist. LEXIS 87065, *31-*32 (C.D. Cal. May 12, 2022). After review, the Court agrees with these cases and the reasoning of *Rodriguez*.

      Here, although the Complaint alleges that Barboza bought a 2021 Mercedes-Benz in August 2021, i.e. a new car, that is contrary to the purchase agreement (which, again, is attached to the notice of removal) and the express and repeated representations of MBU that the Vehicle is used. In the absence of an opposition, the Court will credit the representations of MBU and the purchase agreement and view the Vehicle for purposes of this motion as a used vehicle. Under *Rodriguez*, unless the Vehicle was sold to Barboza with a new express warranty, or the original warranty was expressly extended to the Vehicle, the express warranty that accompanied the Vehicle during its first sale does not apply to Barboza. See Rodriguez, 77 Cal.App.5th at 225. The Complaint alleges that an express written warranty exists, but it does not identify the terms of any express warranty, specifically describe the Vehicle's malfunctions/explain how the Vehicle failed to conform to a particular term of the express warranty, or explain how Defendants breached the express warranty. That is, there is simply an allegation that a vague written warranty exists and was somehow breached. These conclusory allegations do not sufficiently indicate that the "refund or replace" provisions apply to Barboza or plausibly allege a breach of express warranty.

      b.    Implied Warranty

      The Song-Beverly Act provides for the implied warranties of merchantability and fitness in connection with the sale of a used automobile. See Cal. Civ. Code § 1795.5(c); Rodriguez, 77 Cal.App.5th at 218. However, these implied warranties apply only when the sale of the used automobile includes an express warranty. See Cal. Civ. Code § 1795.5; Gavaldon v.

5

1  DaimlerChrysler Corp., 32 Cal.4th 1246, 1257, 1260 (2004); Nunez v. FCA US LLC, 61
2  Cal.App.5th 385, 399 (2021); see also Rodriguez, 77 Cal.App.5th at 218.  Further, an implied
3  warranty can last a maximum of three months from the date of sale.  See Cal. Civ. Code §
4  1795.5(c); Rodriguez, 77 Cal.App.5th at 218.  Finally, unless a manufacturer directly sells a used
5  automobile to the public, only distributors or sellers of used goods, not manufacturers of new
6  goods, have implied warranty obligations in the sale of used goods.  Nunez, 61 Cal.App.5th at
7  399; Kiluk v. Mercedes-Benz USA, LLC, 43 Cal.App.5th 334, 337, 339-40 (2019).

8       Here, there are a number of problems with this claim.  First, there are no allegations that
9  MBU directly sold the Vehicle to Barboza.  Instead, the sales contract shows that Mercedes-Benz
10 of Bakersfield is the entity that sold the Vehicle to Barboza.  See Doc. No. 1-2.  Thus, § 1795.5(c)
11 does not apply to MBU.  Nunez, 61 Cal.App.5th at 399.  Second, the Complaint and Barboza fail
12 to adequately describe an express warranty that accompanied the sale of the Vehicle.  Thus, the
13 Complaint fails to plausibly allege that § 1795.5(c) applies to the sale of the Vehicle.  See
14 Gavaldon, 32 Cal.4th at 1257, 1260; Nunez, 61 Cal.App.5th at 399; see also Rodriguez, 77
15 Cal.App.5th at 218.  Finally, there is no description of the problems experienced by Barboza, an
16 explanation of how the problems breached an implied warranty, or any indication that Barboza's
17 claims fit within the ninety day window provided by Song-Beverly for used vehicles.  Therefore,
18 the Complaint fails to allege any plausible Song-Beverly implied warranty claims.

19      2.     Third Cause of Action – California Commercial Code

20      MBU contends that no plausible claim is alleged because there are no allegations that
21 Barboza gave pre-suit notice of the breach.

22      The California Commercial Code in part requires that a buyer "must, within a reasonable
23 time after he or she discovers or should have discovered any breach, notify the seller of breach or
24 be barred from any remedy."  Cal. Comm. Code § 2607(3)(A).  The Ninth Circuit has recognized
25 that, pursuant to § 2607(3)(A), a "buyer must plead that notice of the alleged breach was provided
26 to the seller within a reasonable time after discovery of the breach" in order to avoid dismissal of
27 breach of contract or breach of warranty claim.  Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th
28 Cir. 2011); see also Cardinal Health 301, Inc. v. Tyco Electronics Corp., 169 Cal.App.4th 116,

135-36 (2008). However, the notice requirement applies to the immediate parties to the sale; it does not apply "in actions by injured consumers against manufacturers with whom they have not dealt." Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 61 (1963); see Battle v. Taylor James, LLC, 2022 U.S. Dist. LEXIS 109082, *52-*53 (C.D. Cal. June 15, 2022); Pascal v. Nissan N. Am., Inc., 2022 U.S. Dist. LEXIS 128712, *22-*23 (C.D. Cal. June 8, 2022); Rojas v. Bosch Solar Energy Corp., 386 F. Supp. 3d 1116, 1126 (N.D. Cal. 2019); Baranco v. Ford Motor Co., 294 F. Supp. 3d 950, 972 (N.D. Cal. 2018); In re Trader Joe's Tuna Litig., 289 F. Supp. 3d 1074, 1092 (C.D. Cal. 2017).

Here, the sales contract and MBU's repeated representations are that Mercedes-Benz of Bakersfield sold the Vehicle to Barboza, not MBU who is merely the manufacturer. Given MBU's representations and the purchase agreement, the Court can only conclude that MBU was the manufacturer and not the direct seller of the Vehicle to Barboza. Therefore, Barboza is not required to give MBU notice of any breach of warranty, and dismissal on the basis of § 2607(3)(A) is improper.

Nevertheless, MBU also argues that the Complaint's allegations are too conclusory and fail to state a valid breach of warranty claim. MBU is on far firmer ground with this argument., since the Complaint is conclusory. There are allegations that a written warranty exists and that Defendants did not ensure that the Vehicle conformed to the written warranty. However, that is all that can reasonably be said. The relevant terms of the warranty are not adequately described, there are no allegations that describe the problems Barboza encountered with the Vehicle, there are no allegations that describe how the problems with the Vehicle breached the warranty, and there are no allegations that adequately describe how the Defendants breached the terms of the written warranty. The allegations are simply too vague and conclusory and do not provide adequate notice to Defendants. Because the allegations do not state a plausible claim, dismissal of the third cause of action is appropriate.

       3.       <u>Fourth Cause of Action – Magnuson-Moss Warranty Act</u>

The MMWA permits "a consumer who is damaged by the failure of supplier, warrantor, or service contractor to comply with any obligations under [the MMWA], or under a written

7

warranty, implied warranty, or service contract, [to] bring suit for damages and other legal and equitable relief." 15 U.S.C. § 231(d)(1); Floyd v. American Honda Motor Co., 966 F.3d 1027, 1032 (9th Cir. 2020). Before bringing suit, however, the MMWA requires that a plaintiff give the person obligated under the warranty a reasonable opportunity to cure a breach. See 15 U.S.C. § 2310(e); Rojas v. Bosch Solar Energy Corp., 386 F.Supp.3d 1116, 1128 (N.D. Cal. 2019); De Shazer v. National RV Holdings, Inc., 391 F.Supp.2d 791, 798 (D. Ariz. 2005). Except for specific instances in which it prescribes a regulating rule, the MMWA "calls for the application of state written and implied warranty law, not the creation of additional federal law." Walsh v. Ford Motor Co., 807 F.3d 1000, 1013-14 (D.C. Cir. 1986); see Nguyen v. Nissan N. Am., Inc., 932 F.3d 811, 817 n.3 (9th Cir. 2019). Thus, as a general rule, an MMWA claim will rise or fall with a plaintiff's state law warranty claims. See Ngo v. BMW of N. Am., LLC, 23 F.4th 942, 945 (9th Cir. 2022); Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008).

      Here, there are a number of problems with Barboza's MMWA claim. First, as discussed above, no plausible state law warranty claims are alleged and no independent obligations under the MMWA are identified in the Complaint. Under these circumstances, the MMWA claim falls with the state law claims. See Ngo, 23 F.4th at 945. Second, the Complaint does not adequately allege that Barboza met the MMWA's requirement of a pre-suit opportunity to cure. The Complaint under the third cause of action (but not the MMWA claim) does allege that Barboza "took reasonable steps to notify Defendants that the vehicle was not as represented." Complaint ¶ 35. However, that is a conclusory allegation. There is no description of the steps that Barboza took and thus, there is nothing to support the legal conclusion that her steps were "reasonable." Moreover, informing Defendants that "the Vehicle was not as represented" is not the same as alleging Barboza gave Defendants the opportunity to cure a breach of warranty. The failure to meet this "opportunity to cure" prerequisite precludes Barboza from pursuing an MMWA claim. See 15 U.S.C. § 2310(e); Rojas, 386 F.Supp.3d at 1128. Third, the allegations under this cause of action merely parrot the statutory language of the MMWA. Again, there are no allegations that adequately describe the express warranty at issue, the problems encountered with the Vehicle, how the problems breached any express or implied warranty, or how Defendants breached their

obligations under any warranty. In other words, the claim is too conclusory and does not allege a plausible claim. Therefore, dismissal of Barboza's MMWA claim is appropriate.

    4.    Fifth Cause of Action – UCL[3]

The UCL broadly proscribes the use of any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code. § 17200; Beaver v. Tarsadia Hotels, 816 F.3d 1170, 1177 (9th Cir. 2016). "The UCL operates as a three-pronged statute: 'Each of these three adjectives [unlawful, unfair, or fraudulent] captures a 'separate and distinct theory of liability.'" Beaver, 816 F.3d at 1177 (citation omitted). The Complaint alleges liability under all three prongs of the UCL.

    a.    "Unlawful" Prong

The UCL's "unlawful" prong "borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL," and "virtually any law or regulation — federal or state, statutory or common law — can serve as a predicate . . . ." Candelore v. Tinder, Inc., 19 Cal.App.5th 1138, 1155 (2018). However, when the underlying legal claim that supports a UCL cause fails, however, "so too will the [the] derivative UCL claim." AMN Healthcare, Inc. v. Aya Healthcare Services, Inc., 28 Cal.App.5th 923, 950 (2018).

Here, the Court has concluded that the four other causes of action are not plausibly alleged. Therefore, because all prior causes of action fail, so too fails Barboza's "unlawful" UCL claim. See id.; see also Mayen v. California Cent. Harvesting, Inc., 2022 U.S. Dist. LEXIS 150119, *30 (E.D. Cal. Aug. 19, 2022).

    b.    "Unfair" Prong

California law with respect to "unfair" conduct is currently "in flux." Hodsdon v. Mars, Inc., 891 F.3d 857, 866 (9th Cir. 2018). Conduct is "unfair" either when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition," or when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id.

---

[3] MBU argues that Barboza is not entitled to equitable relief under the UCL. Because the Court finds that no plausible UCL claims are stated, the Court will not address Barboza's claims for equitable relief at this time.

The allegations under this cause of action invoke the second method of demonstrating "unfairness." See Complaint ¶ 54. The Complaint alleges that it is an unfair business practice to: (1) fail to provide repair and service facilities reasonably close to where the Vehicle was sold; (2) fail to provide repair facilities with repair literature so as to allow vehicles to conform to warranties; (3) fail to inform consumers of their warranty rights in repair orders; (4) fail to pay authorized repair facilities for work don under express warranties; and (5) coercing Barboza and other into signing confidentiality clauses. See id. The Complaint does not provide further explanation or provide any more detail regarding these alleged acts of unfairness, nor does the Complaint adequately indicate that any of these things actually happened to Barboza (apart from acquiescence to an ill-described confidentiality clause). See id. These are short stand-alone allegations that appear for the first time under the fifth cause of action; they are not even hinted at by the prior allegations. Moreover, it is not clear that each of these acts are acts of unfair competition (particularly failing to pay an authorized repair facility). Without additional allegations that actually tether these practices to Barboza and describe why the practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," the allegations are too conclusory and fail to state a plausible claim.

          c.      "Fraudulent" Prong

The "fraudulent" prong of the UCL requires "only a showing that members of the public are likely to be deceived" and does not require allegations of actual deception, reasonable reliance, and damage. Brakke v. Econ. Concepts, Inc., 213 Cal.App.4th 761, 772 (2013); Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 838 (2006). However, even though the traditional elements of fraud need not be alleged, a "fraudulent" prong UCL claim still sounds in fraud and a plausible claim must be meet Rule 9(b)'s heightened pleading standards. See Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1016, 1019; Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (2018). Thus, a complaint must identify the who, what, when, where and how of the fraudulent conduct, as well as how and why a statement or conduct is fraudulent. See Moore, 966 F.3d at 1019; Davidson, 889 F.3d at 964.

Here, given the nature of most automobile sales, the Court is willing to infer that UCL

1  fraudulent conduct occurred on the date of the sale and at the sales facility of Mercedes-Benz of
2  Bakersfield.  However, the Complaint does not identify who made any fraudulent
3  statements/engaged in fraudulent actions, what exactly the fraudulent actions/representations
4  where, and how and why the fraudulent actions/representations were fraudulent/likely to deceive a
5  reasonable consumer.  Cf. id.  Thus, the Complaint does not meet Rule 9(b)'s standard.  Because
6  the Complaint does not meet Rule 9(b)'s heightened pleading standard, no plausible claim under
7  the "fraudulent" UCL prong is stated.  See id.

       5.      Mercedes-Benz of Bakersfield

9        This motion to dismiss was brought only by MBU, it was not joined by Mercedes-Benz of
10 Bakersfield.  Although the section of this order that address a manufacturer has no application to
11 Mercedes-Benz of Bakersfield, the other sections do apply – particularly the Complaint's reliance
12 on conclusory allegations.  Thus, while not all of this order's rationale applies to Mercedes-Benz
13 of Bakersfield, the above analysis shows that the Complaint does not allege any plausible claims
14 against Mercedes-Benz of Bakersfield.  Therefore, dismissal of all claims against Mercedes-Benz
15 of Bakersfield is appropriate.

       6.      Further Amendment

17       MBU argues that all claims should be dismissed without leave to amend.  However, leave
18 to amend is the default rule, even when (as here) a plaintiff does not request leave to amend.  See
19 Ebner, 838 F.3d at 962.  The Complaint alleges that an express written warranty exists.  This
20 allegation suggests to the Court that amendment is not necessarily futile, provided that additional
21 factual allegations are pled.  Therefore, the Court will dismiss all claims against all Defendants
22 with leave to amend.

23       Further, in addition to the deficiencies identified above, there are two general pleading
24 practices that Barboza needs to correct through an amended complaint.  First, each cause of action
25 incorporates by references all prior paragraphs, irrespective of the prior paragraph's actual
26 relevance to or effect on the cause of action attempted to be plead.  This is an all too common
27 pleading practice that is an improper form of shotgun pleading.  See Yellowcake, Inc. v. Morena
28 Music, Inc., 522 F.Supp.3d 747, 769-70 & n.4 (E.D. Cal. 2021).  Barboza may certainly

incorporate *relevant* paragraphs by reference, but she should do so specifically (e.g. "Plaintiff incorporates Paragraphs 1 through 8 and 15 through 19 by reference") and not indiscriminately and serially (e.g. consistently stating "Plaintiff incorporates by reference all prior paragraphs"). See id. at 770 n.4

Second, there are two Defendants in this case – a dealership and a manufacturer. The Complaint lumps the Defendants together without differentiating specific acts by a specific Defendant. Generally, lumping Defendants together is an improper pleading practice that does not provide adequate notice. See Culinary Studios, Inc. v. Newsom, 517 F.Supp.3d 1042, 1074-75 (E.D. 2021). Considering that MBU's motion strongly suggests that the two defendants in this case are distinct entities involved in different aspects of the manufacturing and sales of new and used automobiles, lumping is problematic. Moreover, the Complaint often alleges that a claim is against "all Defendants," but then the allegations under a claim simply reference a "Defendant," leaving Defendants and the Court to guess at which Defendant is actually being referenced. Such ambiguities must be eliminated. Therefore, any amended Complaint must differentiate the conduct of each Defendant, or explain in non-boilerplate/conclusory allegations why the conduct of one defendant can be imputed to the other.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. MBU's motion to dismiss (Doc. No. 7) is GRANTED;
2. The Complaint in its entirety is DISMISSED with leave to amend;
3. Within twenty-one (21) days of service of this order, Barboza may file an amended complaint consistent with the analysis of this order and Rule 11; and
4. If Barboza fails to file a timely amended complaint, the leave to amend will be automatically withdrawn and this case will be closed without further notice.

IT IS SO ORDERED.

Dated:   December 27, 2022              _____
                                         SENIOR DISTRICT JUDGE