UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL M. BARBOZA,** | **CASE NO. 1:22-CV-0845 AWI CDB** |
| **Plaintiff** | |
| v. | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| **MERCEDES-BENZ USA, LLC, MERCEDES-BENZ OF BAKERSFIELD, and DOES 1-10 inclusive,** | (Doc. No. 18) |
| **Defendants** | |

This case arises out of the sale of an allegedly defective Mercedes-Benz automobile. Following an order that granted a Rule 12(b)(6) motion to dismiss, the active complaint is the First Amended Complaint ("FAC"). In the FAC, Plaintiff Crystal M. Barboza brings three claims under the federal Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2300 et seq.), the California Unfair Competition Law ("UCL") (Cal. Business & Professions Code § 17200 et seq.), and the California Commercial Code. Currently before the Court is Defendant Mercedes-Benz USA, LLC's ("MBU") Rule 12(b)(6) motion to dismiss. For the reasons that follow, MBU's motion to dismiss will be granted, and the FAC will be dismissed without leave to amend.

### **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Yoshikawa v. Seguirant, 41 F.4th 1109, 1114 (9th Cir. 2022). In reviewing a complaint under Rule 12(b)(6), all well-

pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Benavidez, 993 F.3d at 1145. The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). Plaintiffs cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

## FACTUAL BACKGROUND

From the FAC, on August 21, 2021, Barboza purchased a Mercedes Benz CLA 250 with a VIN ending in 464 ("the Vehicle"). The sales contract shows the Vehicle was a used 2020 model year sold by Mercedes-Benz of Bakersfield ("MBB") with 13,392 miles on it. See Doc. No. 1-2.

On January 20, 2022, Barboza took the Vehicle to Sangera Automotive Group ("Sangera"), an authorized repair facility, due to receiving a message to stop the car because of coolant issues when driving above thirty (30) miles per hour. The vehicle had 18,767 miles.

2

Sangera verified the issue and found that it was caused by a faulty thermostat that was stuck closed, thereby causing an insufficient flow of coolant and overheating. Sangera replaced the thermostat and coolant reservoir and returned the Vehicle on January 24, 2022.

On April 18, 2022, Barboza took the Vehicle back to Sangera due to an odd noise and an inability to accelerate over 20 m.p.h. The Vehicle had 21,344 miles. Sangera found that the shift valve of the hollow shaft had a malfunction, which necessitated the replacement of the dual clutch. Sangera replaced the dual clutch and returned the Vehicle back to Barboza on May 12, 2022.

On September 16, 2022, Barboza took the Vehicle back to Sangera for an issue with the battery. The Vehicle had 24,794 miles. Sangera replaced the battery and returned the Vehicle back to Barboza on September 30, 2022.

Barboza was not charged for any of these repairs, which were covered by the manufacturer's warranty.

## **DEFENDANT'S MOTION**

*Defendant's Argument*

With respect to the MMWA claim, MBU argues that this claim should be dismissed because Barboza has failed to cure any of the deficiencies identified as part of the last motion to dismiss. The FAC provides no facts that demonstrate Barboza provided a reasonable opportunity to comply with warranty obligations. Further, there are no allegations that demonstrate a violation of state warranty law, and the allegations merely parrot the statutory language of the MMWA. There is no explanation of the terms of any written warranty, how the problems experienced breached the terms of any warranty, or how Defendants may have breached their obligations under any warranty.

With respect to the UCL claims, MBU argues *inter alia* that none of the three possible UCL theories are plausibly alleged. First, there are no violations of other laws that would support "unlawful" conduct against MBU. Second, the FAC fails to meet Rule 9(b)'s heightened pleading standard for fraudulent claims. Third, there are no allegations that explain how any "unfair conduct" outweighs any benefits the conduct may bestow. Further, where the claimed unfair conduct has not been shown to be unlawful or required by law, there is no unfair conduct.

3

With respect to the third cause of action, the FAC alleges a violation of Cal. Comm. Code § 2725, but that section merely sets a statute of limitations. Moreover, the FAC contains no allegations that explain the relief sought, what violation may have occurred, or to which Defendant the claim is against. There are simply no details alleged, including the existence of a written warranty or a breach thereof. If anything, the FAC indicates that Barboza presented her car for repair on three occasions and the problem was fixed each time. To the extent that Barboza is attempting to allege a separate cause of action, such an attempt is unsuccessful because the California Commercial Code merely defines what statements create express warranties.

Finally, MBU argues that Barboza did not follow the Court's directives because she continued to incorporate all prior allegations by reference and did not differentiate between the acts and liability of MBU and co-Defendant Mercedes Benz of Bakersfield.

*Plaintiff's Opposition*

With respect to the MMWA claim, Barboza argues that the MMWA does not require state law warranty claims in any capacity. MBU is misreading cases regarding the nature and scope of the MMWA. The MMWA retains the scope of remedies of the underlying state law without adopting the substance of it. The mere fact that an MMWA claim has been pled without a California Song-Beverly Act claim does not result in the failure of the MMWA claim. Further, the FAC alleges pre-suit opportunities to cure. The fact that MBU was notified of the defects in the Vehicle each time it received a warranty claim from its service-dealership is self-evident. That is, MBU received notice when the Vehicle was taken to Sangera for repair.

With respect to the UCL cause of action, the Vehicle was purchased with the understanding that the warranty provided would result in repair and remedy of defects. However, the Vehicle was taken in three separate times for defects and was in the possession of the repair facility for 45 days. This conduct resulted in Defendants breaching the MMWA, thus satisfying the "unlawful" prong of the UCL. Also, for purposes of the "unfair" prong, Barboza argues that because it took 45 days to remedy three defects, she has shown a sufficient "gravity of harm" to shift the burden to MBU to demonstrate the utility of its conduct. There is also sufficient allegations that show that the repair orders did not give sufficient notice of their rights under the

1  MMWA.  Finally, there was fraudulent conduct involved because the warranties provided both
2  give the impression that vehicle will be functional and that any warrantable repairs will be done
3  without keeping the vehicle out of the buyer's hands for an unreasonable amount of time.
4       Finally, Barboza argues that she properly incorporated all prior paragraphs by reference
5  because the unlawful prong of the UCL is satisfied by showing a violation of another law.
6  Further, Barboza states that she cannot distinguish at this time whether one or both Defendants
7  were the sole offenders of each cause of action, so she continues to allege joint responsibility.
8       *Discussion*
9       1.     First Cause of Action – Magnuson-Moss Warranty Act
10      The MMWA "provides a cause of action for express and implied warranty claims under
11 state law."  Floyd v. American Honda Motor Co., 966 F.3d 1027, 1032 (9th Cir. 2020).
12 Specifically, the MMWA permits "a consumer who is damaged by the failure of a supplier,
13 warrantor, or service contractor to comply with any obligations under [the MMWA], or under a
14 written warranty, implied warranty, or service contract, [to] bring suit for damages and other legal
15 and equitable relief."  15 U.S.C. § 231(d)(1); Floyd, 966 F.3d at 1032.  Except for specific
16 instances in which it prescribes a regulating rule, the MMWA "calls for the application of state
17 written and implied warranty law, not the creation of additional federal law."  Walsh v. Ford
18 Motor Co., 807 F.2d 1000, 1013-14 (D.C. Cir. 1986); see Nguyen v. Nissan N. Am., Inc., 932
19 F.3d 811, 817 n.3 (9th Cir. 2019).  Thus, as a general rule, an MMWA claim will rise or fall with a
20 plaintiff's state law warranty claims.  See Ngo v. BMW of N. Am., LLC, 23 F.4th 942, 945 (9th
21 Cir. 2022); Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008).  Unless a
22 regulatory rule is at issue, to successfully plead a violation of the MMWA, a plaintiff must
23 successfully plead a breach of state warranty law.  Birdsong v. Apple, Inc., 590 F.3d 955, 958 n.2
24 (9th Cir. 2009); Freas v. BMW of N. Am., LLC, 320 F.Supp.3d 1126, 1131-32 (S.D. Cal. 2018).
25 The Ninth Circuit has held that the substantive elements of the MMWA are the same as the
26 substantive elements under California's Song-Beverly Act.  Birdsong, 590 F.3d at 958 n.2.
27      Here, after alleging that Barboza is a consumer, that Defendants are suppliers or
28 warrantors, and that the Vehicle is a consumer good, the FAC alleges:  "In addition to the express

5

1  warranty, in connection with the sale/lease of the vehicle to Plaintiff, an implied warranty of
2  merchantability was created under California law.  The Vehicle's implied warranties were not
3  disclaimed . . . ."  FAC ¶ 31.  Neither the above allegation nor any other allegation in the FAC
4  identifies any MMWA regulatory rules that were applicable to and breached by either of the
5  Defendants.  Therefore, Barboza's MMWA claim must be based on California contract or
6  warranty law.  See Floyd, 966 F.3d at 1032;  Nguyen, 932 F.3d at 817 n.3; Birdsong v. Apple,
7  Inc., 590 F.3d 955, 958 n.2; Walsh, 807 F.2d at 1013-14.  The relevant allegation indicates that an
8  express warranty and an implied warranty of merchantability are at issue.  See FAC ¶ 31.

9         a.    Express Warranty

10  Because the FAC alleges that Barboza was not charged for any of the repairs since they
11  were all "covered under the manufacturer's warranty," see FAC ¶¶ 24, 26,  and because there is an
12  allegation that an express warranty exists, see FAC ¶ 31, the Court accepts that the Vehicle came
13  with an express warranty from the manufacturer, i.e. MBU, but not necessarily the seller MBB.
14  Further, three deficiencies with the Vehicle have been identified for the first time in the FAC – a
15  failed thermostat and reservoir, a failed dual clutch, and a failed battery.  See FAC   However, like
16  the Original Complaint, the FAC's allegations do not describe the relevant terms of the warranty,
17  explain how the mechanical problems breached the terms of any warranty, or explain how any
18  Defendant breached the terms of any warranty.  Moreover, the allegations indicate that all three
19  problems were repaired by Sangera.  There is no indication that a problem was not completely
20  fixed, nor is there an indication that Barboza has had to take the Vehicle back to Sangera to repair
21  any of these three problems within an unexpected or unreasonable period of time.  The FAC's
22  allegations are too vague and conclusory to show that MBU breached the terms of any express
23  warranty.

24  Barboza's opposition indicates that the Vehicle was in the repair shop for a total of 45 days
25  to repair three defects.  Under California law, "refund and replace" remedies are appropriate after
26  reasonable attempts have failed to successfully bring a defect into conformity with a warranty.
27  See Cal. Civ. Code § 1792.2(d).  California law further provides that it may be presumed that there
28  have been a reasonable number of repair attempts if:  there have been two failed attempts to repair

a single substantially impairing defect that is likely to cause death or serious bodily injury, or there have been four failed attempts to repair a single substantially impairing defect, or there has been a cumulative period of more than thirty days of a vehicle being out of service due to multiple substantially impairing defects. See Cal. Civ. Code § 1793.22(b), (e)(1); 2 CACI § 3203.  A "substantial impairment" is a defect that a reasonable person would believe substantially impairs a vehicle's use, value, or safety under the circumstances facing the plaintiff. See Lundy v. Ford Motor Co., 87 Cal.App.4th 472, 478 (2001).  The Song Beverley Act also generally requires that repairs to conform a vehicle to its warranty be completed within thirty days. See Cal. Civ. Code § 1793.2(b).  However, these protections and presumptions pertain to a "new car" with an express warranty. See Cal. Civ. Code § 1793.2(d)(2); Cal. Civ. Code § 1793.22(b).  The sales contract in this case shows that the Vehicle in question was a used model year 2020 automobile with over 13,000 miles on it. See Doc. No. 1-2.  Neither the FAC nor the opposition explain how the Vehicle may be considered a "new vehicle," such that the repair timetable of § 1793.2 and the presumption of § 1793.22 may apply.

Further, assuming that the above statutory "timetable protections" do apply, the FAC's allegations show that no repair took longer than thirty days, and there is no indication that it took multiple attempts to repair any specific defect – each appears to have been repaired on the first attempt.  While the Vehicle was out of Barboza's service for longer than thirty days, the allegations do not show that each repair involved a defect that substantially impaired the Vehicle's use, value, or safety.  Specifically, the allegation regarding "battery issues" is too vague to demonstrate a substantially impairing defect.  Therefore, if the Vehicle is a "new car," the FAC's allegations do not show that substantially impairing defects kept the Vehicle out of service for more than thirty days.

In sum, no plausible claim for breach of express warranty has been alleged.

        b.    Implied Warranty of Merchantability

The Song-Beverly Act provides for the implied warranties of merchantability and fitness in connection with the sale of a used automobile. See Cal. Civ. Code § 1795.5(c); Rodriguez, 77 Cal.App.5th at 218.  These implied warranties apply only when the sale of the used automobile

7

1  includes an express warranty. See Cal. Civ. Code § 1795.5; Gavaldon v. DaimlerChrysler Corp.,
2  32 Cal.4th 1246, 1257, 1260 (2004); Nunez v. FCA US LLC, 61 Cal.App.5th 385, 399 (2021); see
3  also Rodriguez, 77 Cal.App.5th at 218. Further, an implied warranty can last a maximum of three
4  months from the date of sale. See Cal. Civ. Code § 1795.5(c); Rodriguez, 77 Cal.App.5th at 218.
5  Finally, unless a manufacturer directly sells a used automobile to the public, only distributors or
6  sellers of used goods, not manufacturers of new goods, have implied warranty obligations in the
7  sale of used goods. Nunez, 61 Cal.App.5th at 399; Kiluk v. Mercedes-Benz USA, LLC, 43
8  Cal.App.5th 334, 337, 339-40 (2019).

9      Here, there are no allegations that MBU directly sold the Vehicle to Barboza. Instead, the
10 sales contract shows that MBB is the entity that sold the Vehicle to Barboza. See Doc. No. 1-2.
11 Moreover, there are no factual allegations that describe the relationship between MBU and MBB,
12 such that the Court could conclude that MBU was responsible for the sale of the Vehicle to
13 Barboza. Thus, the implied warranties recognized by § 1795.5(c) do not apply to MBU. Nunez,
14 61 Cal.App.5th at 399.

15     Additionally, while the Court accepts that some kind of express warranty accompanied the
16 Vehicle, and accepts that the faulty thermostat and faulty dual clutch rendered the Vehicle unsafe
17 and almost inoperable and thus, unfit for its ordinary purpose as a car, see In re Myford Touch
18 Consumer Litig., 291 F.Supp.3d 936, 945-46 (N.D. Cal. 2018), the FAC fails to explain how
19 Barboza's claims fit within the ninety day window provided by the Song-Beverly Act for used
20 vehicles. Further, a plaintiff alleging a claim for breach of the implied warranty of
21 merchantability must show that she was injured or damaged as a result of the breach. See
22 Gutierrez v. Carmax Auto Superstores of Cal., 19 Cal.App.5th 1234, 1247 (2018). The FAC,
23 however, does not demonstrate injury or damage from the breach to Barboza. Instead, the FAC
24 alleges that the Vehicle experienced three mechanical problems, each of which was successfully
25 repaired by Sangera at no charge to Barboza and after one attempt per defect.

26     In sum, the FAC fails to allege a plausible implied warranty of merchantability claim.

27         c.    Opportunity to Cure

28     Before bringing suit under the MMWA, a plaintiff must give the person obligated under

8

the warranty a reasonable opportunity to cure a breach.  See 15 U.S.C. § 2310(e); Rojas v. Bosch Solar Energy Corp., 386 F.Supp.3d 1116, 1128 (N.D. Cal. 2019); DeShazer v. National RV Holdings, Inc., 391 F.Supp.2d 791, 798 (D. Ariz. 2005).  Here, the Court is satisfied that the FAC in general alleges adequate opportunities to cure the defects.  The FAC alleges that the Vehicle had three mechanical problems/defects, Barboza took the Vehicle to Sangera after each defect materialized, and that Sangera repaired the defects with one repair attempt per defect.  There are no allegations that the repairs were unsuccessful in any way or that the defects have reappeared.  Thus, the FAC shows that repair opportunities were given and successfully taken.

Nevertheless, what the FAC does not adequately allege is which Defendant was given notice and the opportunity to repair.  As discussed below, the Court recognizes that Sangera and MBB share the same address.  However, what the Court does not know is whether Sangera and MBB are the same entity, related entities that may or may not share service information, or separate entities that merely share a large parcel of property.  Further, if Sangera and MBB are the same entity, or have some type of relationship whereby MBB would know that the Vehicle was in for repairs, that does not necessarily mean that MBU would have notice that repairs were being made or the timeframes involved for each repair.  In essence, there are three entities (Sangera, MBU, and MBB) who were potentially involved in the repair process of the Vehicle, but the FAC does not clarify which Defendant was actually made aware of the Vehicle's defects and repair timetable.  This is significant because the nature of the relationship between MBU and MBB is unknown.  It is theoretically possible that repairs or timeframes could have been different depending on which Defendant became aware and involved in the repair process.  Further, depending on which Defendant was associated with Sangera's repairs, the other Defendant may not have received the notice required by the MMWA, thereby precluding an MMWA claim.  The Court's prior dismissal noted that additional factual allegations regarding the relationship between MBU and MBB, as well as the role that each of these Defendants actually played with respect to the claims alleged by Barboza, were needed.  The introduction of Sangera as the entity who actually performed the repairs further supports the conclusion that clarifying allegations are necessary.  However, the FAC does not provide the necessary factual clarification.

9

Because the Court finds that there is not a plausible MMWA claim stated, dismissal will occur irrespective of the notice issue. Therefore, it is sufficient to note that there are insufficiencies regarding the notice requirement, and that there remain problems as to which of the two Defendants performed particular acts and violated particular statutory duties.

### 2. Second Cause of Action – UCL

The UCL broadly proscribes the use of any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code. § 17200; Beaver v. Tarsadia Hotels, 816 F.3d 1170, 1177 (9th Cir. 2016). "The UCL operates as a three-pronged statute: 'Each of these three adjectives [unlawful, unfair, or fraudulent] captures a 'separate and distinct theory of liability.'" Beaver, 816 F.3d at 1177 (citation omitted). The Complaint alleges liability under all three prongs of the UCL.

#### a. "Unlawful" Prong

The UCL's "unlawful" prong "borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL," and "virtually any law or regulation — federal or state, statutory or common law — can serve as a predicate . . . ." Candelore v. Tinder, Inc., 19 Cal.App.5th 1138, 1155 (2018). However, when the underlying legal claim that supports a UCL cause fails, however, "so too will the [the] derivative UCL claim." AMN Healthcare, Inc. v. Aya Healthcare Services, Inc., 28 Cal.App.5th 923, 950 (2018).

Here, the Court concludes that the other pled causes of action are not plausibly alleged. Therefore, because all prior causes of action fail, so too fails Barboza's "unlawful" UCL claim. See id.; see also Mayen v. California Cent. Harvesting, Inc., 2022 U.S. Dist. LEXIS 150119, *30 (E.D. Cal. Aug. 19, 2022).

#### b. "Unfair" Prong

California law with respect to "unfair" conduct is currently "in flux." Hodsdon v. Mars, Inc., 891 F.3d 857, 866 (9th Cir. 2018). Conduct is "unfair" either when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition," or when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id.

1    The allegations under this cause of action invoke the second method of demonstrating
2 "unfairness." See FAC ¶ 41.  The FAC alleges that it is an unfair business practice to:  (1) fail to
3 provide repair and service facilities reasonably close to where the Vehicle was sold; (2) fail to
4 provide repair facilities with repair literature so as to allow vehicles to conform to warranties; (3)
5 fail to inform consumers of their warranty rights in repair orders; (4) fail to pay authorized repair
6 facilities for work done under express warranties; and (5) coercing Barboza and other into signing
7 confidentiality clauses.  See id.
8    The FAC does not provide further explanation or provide any more detail regarding these
9 alleged acts of unfairness.  In fact, the allegations are the same as the allegations made in the
10 Original Complaint.  As with the Original Complaint, the FAC does not adequately indicate that
11 any of these things actually happened to Barboza (apart from acquiescence to an ill-described
12 confidentiality clause).  See id.  These are short stand-alone allegations that appear for the first
13 time under the second cause of action; they are not even hinted at by the prior allegations.
14 Moreover, it is not clear that each of these acts are acts of unfair competition.  For example, the
15 first unfair act appears to be false.  The sales contract shows that the Vehicle was sold by MBB,
16 whose address is 5600 Gasoline Alley Dr., Bakersfield, CA.  See Doc. No. 1-2.  The FAC alleges
17 that the Vehicle was taken to an authorized repair center, Sangera.  Sangera's address is 5600
18 Gasoline Alley Dr., Bakersfield, CA.  See www.sangera.com.[1]  Thus, it is simply untrue that there
19 was a failure to provide repair shops reasonably close to where the Vehicle was sold.  Also, no
20 harm to Barboza is apparent with respect to the second unfair practice since the allegations
21 indicate that Barboza took the Vehicle to be repaired for three separate and distinct problems, and
22 Sangera successfully repaired all three problems.[2]  Harm to Barboza is also unclear with respect to
23 the fourth unfair practice since the practice is a business relationship that is purely between one of
24 the two Defendants (whether MBB or MBU is unclear) and Sangera.  There are no allegations that
25 Sangera refused to work, or even hinted that there would be delays or a refusal of service, because

---

[1] The Court takes judicial notice of the Sangera's address from its website, as the address of this business is readily ascertainable and not subject to reasonable dispute.  See Fed. R. Evid. 201.

[2] With respect to this practice, there is also no explanation of how the repairs failed to comply with any applicable warranty.

11

of a failure by any Defendant to pay Sangera.  Apart from the first example which is false, without additional factual allegations that actually tether these practices to Barboza and describe why the practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," the allegations are too conclusory and fail to state a plausible claim.  Therefore, again, no plausible claim has been stated.

        c.      "Fraudulent" Prong

The "fraudulent" prong of the UCL requires "only a showing that members of the public are likely to be deceived" and does not require allegations of actual deception, reasonable reliance, and damage.  Brakke v. Econ. Concepts, Inc., 213 Cal.App.4th 761, 772 (2013); Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 838 (2006).  However, even though the traditional elements of fraud need not be alleged, a "fraudulent" prong UCL claim still sounds in fraud and a plausible claim must be meet Rule 9(b)'s heightened pleading standards.  See Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1016, 1019 (9th Cir. 2019); Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (2018).  Thus, a complaint must identify the who, what, when, where and how of the fraudulent conduct, as well as how and why a statement or conduct is fraudulent. See Moore, 966 F.3d at 1019; Davidson, 889 F.3d at 964.

Here, the allegations in the FAC are the same as the allegations in the Original Complaint. As with the Original Complaint, the Court is again willing to infer that UCL fraudulent conduct occurred on the date of the sale and at the sales facility of MBB.  However, once again, the FAC does not adequately identify who made any fraudulent statements/engaged in fraudulent actions, what exactly the fraudulent actions/representations where, and how and why the fraudulent actions/representations were fraudulent/likely to deceive a reasonable consumer.  Cf. id.  Thus, the FAC does not meet Rule 9(b)'s standard, and no plausible claim under the "fraudulent" UCL prong is stated.  See id.

    3.      Third Cause of Action

Barboza does not address any of the arguments made with respect to the third cause of action, nor does Barboza attempt to clarify or defend this claim.  The Court views Barboza's failure to address, defend, or clarify this claim to be a concession to MBU's argument that no

plausible claim is stated.  See Estate of Jackson v. City of Modesto, 2021 U.S. Dist. LEXIS 199638, *54-*55 (E.D. Cal. Oct. 14, 2021); Culinary Studios, Inc. v. Newsom, 517 F.Supp.3d 1042, 1066 (E.D. Cal. 2021).  Therefore, the Court will dismiss the third cause of action as not plausibly alleged.

    4.    Further Amendment

This is the second time that the Court has ruled on a motion to dismiss and found that the active complaint fails to plausibly allege any causes of action.  While the FAC has added some new factual allegations which provide additional context and support for the claims alleged, most of the problems identified in the first dismissal order have not been addressed and reappear in the FAC.  Because the Court has found many of the same problems in the FAC as were in the Original Complaint, and with little apparent attempt at correcting these problems, the Court can only conclude that Barboza cannot correct the identified problems in order to state plausible claims.  Therefore, dismissal of the FAC will be without leave to amend.[3]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant MBU's motion to dismiss (Doc. No. 18) is GRANTED;
2. The First Amended Complaint is DISMISSED without leave to amend; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   April 26, 2023                                                  _____
                                                                SENIOR  DISTRICT  JUDGE

---

[3] Part of the Court's analysis with respect to the merchantability claim applies only to MBU.  However, the Court detects no reason why the remainder of the analysis would not necessitate the conclusion that no plausible claims have been stated against MBB.